# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOHN A. NORDBERG | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6738 | **DATE** | January 9, 2008 |
| **CASE TITLE** | Ronelle McMullen (B-75198) v. Thomas Dart, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The court orders the trust fund officer at plaintiff's current place of incarceration to deduct $ 21.16 from plaintiff's account for payment to the clerk of court as an initial partial filing fee. The clerk shall send a copy of this order to the trust fund officer at Shawnee Correctional Center. This action is dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim. Any other pending motions are denied as moot. This dismissal counts as one of plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [For further details see text below.]    Docketing to mail notices.

## STATEMENT

     Plaintiff is granted leave to file *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is assessed an initial partial filing fee of $ 21.16. The trust fund officer at plaintiff's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer is authorized to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number assigned to this action.

     Under 28 U.S.C. § 1915A(b)(1), the court is directed to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

**STATEMENT**

Plaintiff Ronelle McMullen alleges that he entered the Cook County Department of Corrections on May 19, 2005, with no health problems. At receiving, he was given a chest X-ray, a tuberculosis shot, and a blood test, and all the tests came back clean. He was given similar tests at Stateville Correctional Center and Big Muddy Correctional Center, and they came back clean. In March 2007, when Plaintiff was back at Cook County Jail, a doctor at Cermak told him that he had tuberculosis, which was sleeping in his lungs. He was put on medication on May 2, 2007 and is still taking it. Plaintiff claims that the Cook County Department of Corrections and Cermak Health Services is supposed to keep detainees healthy. He seeks money damages.

It is well settled that the Due Process Clause prohibits deliberate indifference to the serious medical needs of a pretrial detainee. *Chapman v. Keltner*, 241 F. 3d 842, 845 (7th Cir. 2001); *Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999). Deliberate indifference has both an objective and a subjective element: the inmate must have an objectively serious medical condition, and the health care provider must be subjectively aware of and consciously disregard the inmate's medical need. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976); *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000).

Plaintiff meets the first element because tuberculosis is a serious medical condition. However, Plaintiff does not meet the second element because he has not shown any deliberate indifference on the part of defendants. Plaintiff was regularly tested for tuberculosis and when he contracted it, he was given medication. It is unfortunate that Plaintiff contracted tuberculosis, but neither Jail officials nor medical providers can be insurers of Plaintiff's good health.

This suit is accordingly dismissed for failure to state a claim upon which relief may be granted. \ is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).